IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER D. MILLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH NISH, et al. | : | NO. 08-965 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                              June 17, 2008
Chief United States Magistrate Judge

      Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated at the State Correctional Institution at Waymart, Pennsylvania. For the reasons stated below, this court recommends that the petition be dismissed, without prejudice, for failure to exhaust state court remedies.

**I.     BACKGROUND**

      After a trial in the Court of Common Pleas for Philadelphia County, a jury found petitioner guilty of sexual assault, statutory sexual assault and corrupting the morals of a minor (No. 0302-0059). The jury found petitioner not guilty of rape. The court later sentenced petitioner to concurrent terms of three to six years imprisonment for sexual assault and two and one-half to five years for corrupting the morals of a minor. The crime of statutory sexual assault merged for sentencing purposes.

      Petitioner appealed to the Superior Court of Pennsylvania and raised the following claims: (1) a challenge to the weight and sufficiency of the evidence to support his convictions; (2) the trial court erred in denying his motion for extraordinary relief; (3) the prosecutor had committed misconduct in her closing argument to the jury; and (4) the sentence was excessive.

On November 19, 2007, the Superior Court affirmed petitioner's judgments of sentence. Commonwealth v. Miller, No. 1730 EDA 2006 (Pa. Super. Ct. Nov. 19, 2007). On December 18, 2007, petitioner filed a petition for allocator with the Pennsylvania Supreme Court. On May 29, 2008, the petition was denied by the Supreme Court. Commonwealth v. Miller, 703 EAL 2007 (Pa. May 29, 2008).

On March 10, 2008, petitioner filed his habeas corpus petition in this court. He made four claims: (1) the prosecutor at his trial committed misconduct in making an opening statement to the jury in which she argued that the evidence presented would show forcible rape had occurred (Pet. ¶ 12(A)); (2) that the Pennsylvania government has interfered with his right to a direct appeal (Pet. ¶ 12(B)); (3) that his sentence is (a) illegal and (b) excessive, and (c) that alleged "improprieties" occurred during his sentencing hearing in violation of his federal due process rights (Pet. ¶ 12(C)); and (4) that he received ineffective assistance from counsel during his trial and at the sentencing hearing (Pet. ¶ 12(D)).

On May 14, 2008, the District Attorney for Philadelphia County filed a response to the petition and argued that the petition contains several claims that were not presented to the state courts, and therefore the petition should be dismissed for failure to exhaust state court remedies.

## II.  DISCUSSION

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838,

842, 847 (1999).[1]  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992).  To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").  Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990).  "Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Id.

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.  The court in Rose, "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the

---

[1]  On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer are required to appeal to the state supreme court to satisfy the exhaustion requirement.  The Third Circuit has recognized the validity of this Order.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

unexhausted claims to that court in the first instance." Rhines v. Weber, 544 U.S. 269, 274 (2005). Petitioner's second claim, parts of his third claim, and his fourth claim were never presented to the state courts and therefore are unexhausted. Specifically, petitioner never presented to the Superior Court of Pennsylvania his claims: (1) that the Pennsylvania government has interfered with his right to a direct appeal (Claim No. 2); (2) that his sentence is illegal, and that alleged "improprieties" occurred during his sentencing hearing in violation of his federal due process rights (Claim No. 3); and (3) that he received ineffective assistance of counsel during trial and at his sentencing hearing (Claim No. 4). Petitioner's first claim alleging prosecutorial misconduct and part of his third claim which alleged an excessive sentence were presented on direct appeal to the Pennsylvania Superior Court, and, therefore, are exhausted.

Because the habeas petition contains both exhausted and unexhausted claims, it is a "mixed petition" and must be dismissed without prejudice pursuant to Rose v. Lundy. Petitioner still has the opportunity to raise his unexhausted claims by way of a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. Since the Pennsylvania Supreme Court denied his petition for review on direct appeal only weeks ago on May 29, 2008, his conviction is not yet final for purposes of triggering the statute of limitations for PCRA petitions. See 42 Pa. Cons. Stat. Ann. § 9545(b)(1) (PCRA petition "shall be filed within one-year of the date the judgment becomes final"). See also Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002) ("A conviction becomes final for PCRA purposes at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."), cert. denied, 537 U.S. 1195 (2003).

Because petitioner still has ample time to raise his unexhausted claims in the state court, this court should dismiss the petition without prejudice, rather than staying this petition pending the exhaustion of state court remedies on the unexhausted claims. See Rhines, 544 U.S. at 277 (stay of a habeas corpus petition "should be available only in limited circumstances.").

### III.   CONCLUSION

Accordingly, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 17th day of June, 2008, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED**, without prejudice, for failure to exhaust state court remedies, and that no certificate of appealability ("COA") be granted.[2]

The petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ TJR
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[2] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).